UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20542
_____


JOSEPH STANLEY FAULDER,

                                        Plaintiff-Appellant,

                         versus

GARY L. JOHNSON, Texas Department of
Criminal Justice, Institutional Division;
WAYNE SCOTT, Director, Texas Department of
Criminal Justice; TEXAS BOARD OF PARDONS AND
PAROLES; VICTOR RODRIGUEZ, Chairman, Texas
Board of Pardons and Paroles; TIM MORGAN,
Warden, Ellis Unit, Texas Department of Criminal
Justice; JAMES WILLETT, Warden, Huntsville Unit,
Texas Department of Criminal Justice;
RICHARD THALER; GLENN ELLIOTT; and THOMAS WELCH,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____
June 16, 1999


Before JONES, WIENER, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        Appellant Joseph Stanley Faulder is scheduled to be
executed on June 17, 1999.  Less than one week ago, this court
rejected Faulder's challenge to the procedures used by the Texas
Board of Pardons and Paroles.  This week, Faulder is pursuing a
lawsuit under 28 U.S.C. § 1350 and § 1983, the purpose of which is
to obtain a stay of his execution because of his alleged tort claim

against Texas officials for violating international human rights treaties and the Vienna Convention on Consular Relations.

The district court held an expedited hearing on the motion to stay execution and for temporary restraining order, after which the court entered a thoughtful order denying relief on June 14, 1999.  On June 15, Faulder filed a notice of appeal "from the order denying a temporary restraining order in the above-numbered cause."  For the following reasons, we again reject Faulder's last-minute assertions.

First, it is well settled that this court has no appellate jurisdiction over the denial of an application for a temporary restraining order.  In re: Lieb, 915 F.2d 180 (5th Cir. 1990).  The appeal ought to be dismissed for that reason alone.

Second, although we are aware of no applicable exception to the foregoing rule, in the event that there is some exception, we reiterate this court's recent holding that federal courts lack jurisdiction to stay executions under § 1983, and we would extend this holding to Faulder's claim under the Alien Tort Claims Act, 28 U.S.C. § 1350.  See Moody v. Rodriquez, 164 F.3d 893 (5th Cir. 1999).  The essence of Faulder's last-minute request for relief in the district court and this court is an attempt ultimately to obtain an injunction against the death sentence lawfully imposed upon him by the state of Texas.  He is asking the federal courts to interfere with the state's carrying out of the death penalty.  This is tantamount to seeking "a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental

2

law . . ." Preiser v. Rodriquez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1834 (1973). Faulder's exclusive, appropriate remedy was for a writ of habeas corpus to obtain this equitable relief.

Finally, if we are in error about the courts' lack of jurisdiction, we nevertheless reject Faulder's claims on the merits for the reasons stated by the district court.[1]

This court lacks appellate jurisdiction. Alternatively, the motion of the appellant Joseph Faulder to stay his execution is DENIED, and the district court's dismissal of Faulder's motions for stay and temporary restraining order is AFFIRMED.

---

[1]When this court denied Faulder's earlier petition for habeas relief, Faulder v. Johnson, 81 F.3d 515 (5th Cir. 1996), the court specifically rejected a claim based on Texas's breach of the Vienna Convention. Before the court in that proceeding as in this was a letter dated September 1, 1992 from Texas Assistant Attorney General Zapalac to a representative of the Embassy of Canada, which explains the contacts between Texas and the Canadian government during Faulder's prosecution and the fact that Faulder maintained from the time of his arrest that he had no desire to contact his family in Canada. For that and other reasons, this court earlier held that the violation of the Vienna Convention amounted to harmless error.