IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30234
Conference Calendar

_____

TERRY MELVIN JACKSON,

                                        Plaintiff-Appellant,

versus

RICHARD L. STALDER, Secretary, Department
of Public Safety and Corrections; BERNARD
BOUDREAUX, in his individual capacity,
also known as Trey Boudreaux; KENNETH
BOOTY, Assistant Warden; STEVEN L.
THOMAS, Colonel,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-76-B
- - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

    Terry Melvin Jackson, Louisiana prisoner # 120416, filed a

civil rights complaint in the district court pursuant to 42

U.S.C. § 1983, complaining that prison officials spread

inaccurate rumors about him, that he was charged erroneously with

various prison disciplinary actions that resulted in a brief term

of administrative segregation, and that he was falsely charged in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

retaliation for his attempts to expose prison officials' improper treatment of him. Jackson appeals the district court's order denying his motion for a temporary restraining order and/or a preliminary injunction.

This court has no appellate jurisdiction over the denial of an application for a temporary restraining order because it does not qualify as an "injunction" under 28 U.S.C. § 1292(a)(1). Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999); Matter of Lieb, 915 F.2d 180, 183 (5th Cir. 1990). To the extent Jackson's motion was one seeking a preliminary injunction, the district court did not abuse its discretion in denying it because Jackson has failed to demonstrate a substantial likelihood that he will prevail on the merits of his claims. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Accordingly, the district court's denial of Jackson's motion is AFFIRMED.