IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10877
Conference Calendar
_____

LARRY KANE JOHNSON,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; JOHN
GILBERT, Regional Director; DOYLE MCELVANEY, Warden,
Head Warden; EMILY L. BOND; Assistant Warden;
GREGORY OLIVER, Major; R. PERSON, Food Service Manager,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-74-C
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Larry Kane Johnson, Texas prisoner number 577737, appeals
from the district court's denial of his motion for temporary
restraining order and preliminary injunction.  To the extent that
Johnson's motion asked for a temporary restraining order, we lack
appellate jurisdiction to review the district court's order.  See
Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir.), cert. denied,
527 U.S. 1018 (1999) .  To the extent that Johnson sought a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

preliminary injunction, we review the magistrate judge's order for abuse of discretion.  See White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989).

Johnson argues that he adequately proved an irreparable injury because the denial of constitutional rights is an irreparable injury as a matter of law.  Johnson's allegation that he was denied one meal during his religious observation of Ramadan fails to show that his injury was occurring at the time he sought relief or that his rights to religious observation in the future are sufficiently threatened to warrant a preliminary injunction.  See Elrod v. Burns, 427 U.S. 347, 374 (1975) (preliminary injunction may be appropriate because injury was both threatened and occurring at time respondent sought relief).

AFFIRMED.