United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-11300
Summary Calendar

---

KENNETH LEON CRAFT,

Plaintiff-Appellant,

versus

GARY L. JOHNSON; RAYNALDO CASTRO, Senior Warden; JANIE COCKRELL,
Deputy Director of Security; CHARLES C. BELL, Assistant Warden;
JOE NUNN, Assistant Warden,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
(2:01-CV-225)

---

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Leon Craft, Texas state prisoner # 781171, appeals, *pro se*, the dismissal, without prejudice, of his 42 U.S.C. § 1983 *in forma pauperis* (IFP) complaint for failure to state a claim upon which relief can be granted. Craft maintains he has stated an Eighth Amendment claim: because of bed checks by prison officials, he is being deprived of uninterrupted sleep.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a dismissal under § 1915(e)(2)(B)(ii) *de novo*, applying the same standard used to review a dismissal pursuant to FED. R. CIV. P. 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). We accept as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993).

Craft's allegations of intermittent sleep deprivation are not sufficient to show that he is exposed to a risk that is so grave that it violates contemporary standards of decency. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993). Because Craft's allegations fail to state an Eighth Amendment claim, the dismissal of the complaint was not error.

Craft also contends the district court erred in denying his motion for a temporary restraining order and/or for a preliminary injunction because there are remaining fact issues concerning his entitlement to relief. We lack jurisdiction over the denial of Craft's motion for a temporary restraining order. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir.), *cert. denied*, 527 U.S. 1018 (1999).

The denial of a preliminary injunction is reviewed for an abuse of discretion. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001). To obtain a preliminary injunction, Craft must establish, among other factors, that he has a substantial likelihood of success on the merits of his claims. *Id.* As shown

above, there is no likelihood that Craft will be successful in proving the merits of his claims.  Thus, the district court did not abuse its discretion in denying Craft's motion for a preliminary injunction.

*AFFIRMED*