United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60581
Summary Calendar
_____

DERRICK SOLOMON PRUITT,

                                        Plaintiff-Appellant,

versus

EMMITT SPARKMAN, Superintendent; MARTIN ARMSTRONG,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:01-CV-195-P-D
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Derrick Solomon Pruitt, Mississippi prisoner # 46846,

appeals the district court's grant of summary judgment for the

Defendants-Appellees and the dismissal of his 42 U.S.C. § 1983

complaint.

    Pruitt moves this court for permission to file an out-of-

time reply brief.  This motion is GRANTED.  Pruitt also moves

this court to recuse Judge Clement and a deputy clerk from this

appeal pursuant to 28 U.S.C. § 455.  This motion is DENIED

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because Pruitt has failed to demonstrate bias resulting from a personal, extrajudicial source. See United States v. MMR Corp., 954 F.2d 1040, 1046 (5th Cir. 1992).

Pruitt argues that the district court erred in dismissing his claims that the Mississippi Department of Corrections' allegedly inadequate Inmate Legal Assistance Program ("ILAP") resulted in a denial of access to the courts. Pruitt has not shown that the denial of his 28 U.S.C. § 2254 application as untimely resulted from any action by the named defendants. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (to state claim for denial of access to the courts prisoner must establish that the defendants' conduct "hindered his efforts to pursue a legal claim"). This claim is without merit.

Pruitt also asserts that the district court erred by dismissing his claims that prison officials confiscated portions of his legal materials that allegedly violated a regulation limiting the amount of material that could be kept in a cell. Because Pruitt has failed to show that these actions interfered with his ability to file a claim, we conclude that he has not established any denial of access to the courts. See Lewis, 518 U.S. at 351-52. Because Pruitt has not shown direct evidence of retaliation or "a chronology of events from which retaliation may plausibly be inferred," we conclude that he has not shown that the defendants' actions were in retaliation for his legal activities. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995)

(internal quotations and citation omitted).  We also conclude that Pruitt has not shown that this regulation "is [not] reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).

Pruitt appeals the district court's denial of his motions to compel discovery.  We conclude that the district court's denial was not "arbitrary or clearly unreasonable," and therefore the district court did not abuse its discretion.  Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000). Pruitt also argues that, despite his timely request, he was denied a jury trial.  This issue is frivolous; the district court properly granted summary judgment for the defendants and dismissed his complaint.

Pruitt argues that the district court erred by denying his motions for a temporary restraining order or injunctive relief. This court has no jurisdiction over the denial of an application for a temporary restraining order.  Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999).  The district court also did not abuse its discretion in denying Pruitt's other motions for a preliminary injunction.  White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989) (this court reviews the denial of a preliminary injunction for an abuse of discretion and will reverse "only under extraordinary circumstances").

Pruitt appeals the district court's denial of his notice of complaint against an employee of the ILAP, Laura Hopson, for

failure to notarize a portion of a pleading in another proceeding. Hopson was never properly named or served as a defendant in this case. In addition, Pruitt has not alleged that Hopson's refusal to notarize this portion of the pleading caused him any harm, such as the dismissal of the petition. This issue is without merit.

AFFIRMED.