United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-10464
Summary Calendar

FAUSTINO RAMOS,

Petitioner-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY BUREAU OF IMMIGRATION & CUSTOMS
ENFORCEMENT DALLAS TX; U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF
TEXAS, DALLAS DIVISION; U.S. ATTORNEY GENERAL, WASHINGTON, D.C.,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:05-CV-476)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Faustino Ramos appeals the denial of a temporary restraining

order (TRO), seeking to enjoin the Department of Homeland Security,

Bureau of Immigration and Customs Enforcement, from detaining him

and removing him from the United States pending a decision on his

adjustment-of-status application. Although his notice of appeal

states he is also appealing the denial of his petition for a writ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of habeas corpus under 28 U.S.C. § 2241, the district court did *not* rule on that petition. Therefore, only the TRO-denial is at issue.

We lack jurisdiction over a TRO-denial because the ruling does not qualify as an "injunction" under 28 U.S.C. § 1292(a)(1). *Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir.) ("[I]t is well settled that this court has no appellate jurisdiction over the denial of an application for a temporary restraining order".) (citing *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990)), *cert. denied*, 527 U.S. 1018 (1999). On the other hand, the denial of a preliminary injunction is ordinarily appealable immediately. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Construing the district court's order as the denial of a preliminary injunction, appealable under 28 U.S.C. § 1292(a), the motion was properly denied. *See United States v. Wood*, 295 F.2d 772, 778 (5th Cir. 1961) (construing the denial of a TRO as a final order for appealability purposes in order to preserve determination of the parties' substantial rights), *cert. denied*, 369 U.S. 850 (1962).

An injunction-denial will be reversed only on showing the district court abused its discretion. *Lakedreams*, 932 F.2d at 1107. As the district court reasoned in denying relief, Ramos did not show a substantial threat that failure to enjoin his detention would result in irreparable injury. Nor did he show a substantial likelihood of success on the merits of his claim, brought under 28

U.S.C. § 2241, challenging his detention and removal as unlawful. *Cf.* ***Cardoso v. Reno***, 216 F.3d 512, 516-17 (5th Cir. 2000) (affirming dismissal of action for lack of jurisdiction under 8 U.S.C. § 1252(g) by plaintiff subject to removal order and seeking adjustment of status to avoid removal order).

***AFFIRMED***