United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-61058
Summary Calendar

_____

EARL LEWIS ANDERSON, JR.,

                                        Plaintiff-Appellant,

versus

RON KING; LARRY C. HARDY; K. BEASTLEY; D. WEST, Captain; BOBBY
KING; T. SEABROOK; C. PIERCE; WARREN HANCOCK, Deputy; CHRISTOPHER
EPPS; EMMIT SPARKMAN; LYNDA POWELL; FLORENCE JONES, Case Manager;
M. EZELL; L. STEWART; T. DAILEY; EDDIE WOLFE; JAMES DAVIS; HENRY
GAGNON, Nurse; TRAVIS WHITE, Inmate; TONY WHITE, Inmate; U.
LEWIS, Case Manager; R. LEWIS, Case Manager; L. BEASTLEY; UNKNOWN
BRADLEY, DR.; DR. JERRY WELCH; DR. K. QUINN; M. LEWIS, Nurse;
UNKNOWN BLACKSTON, DR.; E. GOINGS, Case Manager; UNKNOWN BERRY,
Case Manager; UNKNOWN LANGLEY; T. MORRIS; D. HOLLINGHEAD; H.
GRAVES; R. DENMARK; W. MADDEN; M. DAVIS; T. BARNES; T. CARTER; R.
BONNER; D. KIDD; B. BIVENS; B. EVERETT; L. MERRIT; SARAH DAVIS;
VICKEY CHAPMAN; M. BAILEY; WILLIAM CUDDLEY; H. HAYES; UNKNOWN
HENDERSON, Lieutenant; UNKNOWN BUTLER, Officer; UNKNOWN GUESS,
Captain; UNKNOWN LEWIS, Captain, UNKNOWN TURNER, DR; JAMES
JOHNSON; JAMES BREWER; UNKNOWN URBANK, Officer; M. TURNER; I.
TURNER; T. RANKIN; D. PAPP; K. STANLEY, Lieutenant; D. REVETTE;
UNKNOWN BREWER, Officer; DAVID HOLLINGHEAD,

                                        Defendants-Appellees.

_____

EARL LEWIS ANDERSON, JR.,

                                        Plaintiff-Appellant,

versus

DAVID HOLLINGHEAD; ADAM GRAVES; RON KING; JERRY WELCH; BOBBY
KING; TIMOTHY MORRIS; HUBERT DAVIS; UNKNOWN MAY, DR.; REBECCA
"UNKNOWN" Nurse; "UNKNOWN" SMCI ERT OFFICERS, In Their Individual
Capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-1
USDC No. 2:05-CV-2174
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Earl Lewis Anderson, Jr., Mississippi prisoner # L1784, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the magistrate judge's (MJ) interlocutory orders denying Anderson's motion for a temporary restraining order and preliminary injunction, motion for appointment of counsel and issuance of subpoenas, and interlocutory orders terminating some parties, and consolidating cases. Anderson's IFP motion is a challenge to the MJ's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

This court lacks jurisdiction over the interlocutory orders denying Anderson's request for a temporary restraining orders, denying his request to issue subpoenas, to terminate parties, and to consolidate cases. See 28 U.S.C. § 1291; Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999). Anderson's argument that the MJ abused his discretion by denying his request for injunctive relief fails because he does not show "extraordinary

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances" which would compel a reversal of the MJ's ruling. White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989).

Anderson does not address the MJ's analysis that he was able to adequately represent himself. Anderson argues only that counsel should be appointed to bring claims of medical malpractice. Because he fails to identify any error in the MJ's analysis, the argument is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Anderson has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. 42.2. Anderson's motion for a transcript at the expense of the Government is DENIED.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Anderson is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTION FOR TRANSCRIPT DENIED; SANCTION WARNING ISSUED.