# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2010

Lyle W. Cayce
Clerk

No. 09-31206
Summary Calendar

CARLOS MCGREW,

Plaintiff-Appellant

v.

Dr. JONATHAN ROUNDTREE; MIKE THOMAS, Emergency Medical Technician; ANTHONY MCCOY, also known as Unknown McCoy, Emergency Medical Technician; ARIEL BOEKER, also known as Unknown Boeker, Emergency Medical Technician; HUEY PIDGEON; MARK ALLEN; JOSEPH RUSSELL; GREG EIRICK,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-859

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos A. McGrew, Louisiana state prisoner # 413135, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's interlocutory orders denying his motion for a temporary restraining order and preliminary injunction. McGrew's IFP motion is a challenge to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

This court lacks jurisdiction over the denial of McGrew's request for a temporary restraining order. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999). McGrew has identified no "extraordinary circumstances" warranting a reversal of the district court's denial of his motion for a preliminary injunction. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

McGrew has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). McGrew is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.