# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

No. 10-30645
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS A. MCGREW,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; JOE LEMARTINIERE, Warden; JOHN L CALVERT, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-1019

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos A. McGrew, Louisiana state prisoner # 413135, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his civil rights complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). McGrew's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30645

McGrew argues that the district court failed to provide written reasons for the certification that his appeal was not taken in good faith but merely referred to the magistrate judge's report. To comply with the written-reasons requirement, the district court may incorporate by reference its prior decision. *See Baugh*, 117 F.3d at 202 n.21. Here, the district court certified that McGrew's appeal was not taken in good faith for the reasons set forth in the magistrate judge's report, which the district court had adopted. The district court's reasons were sufficient. *See Baugh*, 117 F.3d at 202 n.21.

Contrary to McGrew's suggestion that he can merely incorporate by reference his arguments made in his objections to the magistrate judge's report, this court requires arguments to be made in the body of a brief and does not permit incorporation of prior pleadings by reference, even in the case of pro se litigants. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to adequately brief any argument challenging the district court's dismissal of his complaint for failure to exhaust administrative remedies, he has abandoned the only cognizable issue before this court. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

McGrew has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). McGrew has one prior strike. *McGrew v. Roundtree*, No. 09-31206, 2010 WL 2836113 at *1 (5th Cir. Jul. 20, 2010) (unpublished). McGrew is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

2

No. 10-30645

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.