# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2011

Lyle W. Cayce
Clerk

No. 10-10319
Summary Calendar

TRACY NIXON,

Plaintiff-Appellant

v.

GMAC MORTGAGE CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1823

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tracy Nixon, a pro se non-prisoner, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his civil complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Nixon's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Nixon argues that the magistrate judge was without authority to issue dispositive rulings in his case. In reviewing this issue, the court must determine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether Congress, in enacting the controlling statutes, intended for the magistrate judge to perform the duty in question. *United States v. Dees*, 125 F.3d 261, 264 (5th Cir. 1997). The court must then determine whether the duty delegated to the magistrate judge offends Article III of the Constitution. *Id.*

The magistrate judge did not conduct a trial on the merits in the instant case and did not enter a final judgment. In accord with statutory authority and the district court's standing order of referral, the magistrate judge ruled on pretrial non-dispositive motions and issued findings of fact and a recommendation in accord with 28 U.S.C. § 636(b)(1)(A) & (B). The district court entered the final disposition dismissing the case. Because the district court retained the authority to review and reject the recommendation, the delegation did not exceed the authority granted by statute to the magistrate judge; Nixon's consent was not required. There was no violation of Article III of the Constitution. *Dees*, 125 F.3d at 265. This claim has no arguable merit.

Nixon also argues that the district court and magistrate judge should have recused themselves from the case pursuant to 28 U.S.C. § 455. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nixon argues that the district judge in this case sat as a state appellate judge on an en banc panel addressing a recusal motion against another judge ten years ago in a different case. Nixon does not explain how this conduct warrants recusal. With respect to the rest of his recusal motion, Nixon's arguments reflect that he is complaining about acts that the district court and magistrate judge performed only in their judicial capacities. Nixon has provided no basis for a finding that the district court's or magistrate judge's rulings in any case were the result of personal bias, favoritism, or antagonism or that such rulings were based upon knowledge acquired outside the judicial proceedings. The district court did not abuse its discretion in denying the motion to recuse. *See id.* This claim has no arguable merit.

Nixon argues that the district court should have granted him a temporary restraining order (TRO) precluding GMAC from alienating any of its assets because he has a substantial likelihood in prevailing in the litigation. He seeks to have the case remanded and an injunction entered directing GMAC to place three million dollars in the court's registry.

To the extent that Nixon is attempting to appeal the district court's denial of a TRO, this court does not have appellate jurisdiction over the denial of an application for a TRO. *Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999).

Insofar as he sought or is seeking a preliminary injunction on remand, it is an extraordinary remedy that should only be issued if Nixon can demonstrate a substantial likelihood of success on the merits, a substantial threat of irreparable injury if the injunction is not granted, that the threat of injury outweighs any harm that will result to the non-movant if the injunction is granted, and that the injunction will not be a disservice to the public interest. *Ridgely v. FEMA,* 512 F.3d 727, 734 (5th Cir.2008). "The [district court's] ultimate decision to grant a preliminary injunction is reviewed for abuse of discretion." *Id.* Nixon's pleadings show that he has no binding settlement agreement with GMAC. *See Padilla v. La France*, 907 S.W.2d 454, 460 (Tex. 1995)(describing the requirements for a binding, enforceable settlement of a Texas lawsuit). In the absence of providing any facts showing a binding settlement agreement with GMAC, Nixon has not made the showing necessary to entitle him to any form of injunctive relief. Further, because Nixon's claim that he had a binding settlement agreement with GMAC has no arguable basis in law or fact, the district court did not abuse its discretion in dismissing the complaint as frivolous. *Newsome v. EEOC*, 301 F.3d 227, 233 (5th Cir. 2002)(applying §1915(e)(2)(B)(i) to a non-prisoner whose complaint was "frivolous" because it "lack[ed] an arguable basis in law or fact.").

Nixon has failed to show that his appeal involves a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP

on appeal is denied.  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.