# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

No. 10-50698
Summary Calendar

Lyle W. Cayce
Clerk

CAROL L. REEVES,

Plaintiff-Appellant

v.

WELLS FARGO HOME MORTGAGE, also known as Kimberly Biery; WELLS
FARGO BANK NATIONAL ASSOCIATION, also known as Scott Holzemiester,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-240

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Carol L. Reeves appeals the denial of a temporary restraining order
seeking to stop Wells Fargo Home Mortgage and Wells Fargo Bank National
Association (hereinafter collectively referred to as Wells Fargo) from foreclosing
on her home. Wells Fargo contends that we lack jurisdiction to review the
district court's interlocutory order denying the motion for a temporary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

restraining order. In response, Reeves contends that the pro se motion should have been liberally construed as a motion for preliminary injunctive relief.

The district court's order denying Reeves's motion for a temporary restraining order is not a final order, nor does it come within any of the other categories that would make it immediately appealable. *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). Therefore, we lack jurisdiction to review the district court's denial of the motion for a temporary restraining order, and Reeves's appeal of that ruling is dismissed for lack of jurisdiction. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999).

The denial of a preliminary injunction, however, is immediately appealable if it is related to the substantive issues of the litigation. 28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Although the district court construed the pro se motion as seeking only a temporary restraining order, Reeves sought relief that, if granted, would have extended beyond the 14-day limit of a temporary restraining order. *See* FED. R. CIV. P. 65(b). Thus, the pro se motion, liberally construed, was also a request for a preliminary injunction, the denial of which is immediately appealable because it is related to the substantive issues in the case.

A movant for a preliminary injunction must demonstrate "(1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." *Lakedreams*, 932 F.2d at 1107. The decision to deny a preliminary injunction is reviewed for an abuse of discretion and will be reversed "only under extraordinary circumstances." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

Reeves alleged that absent any proof that Wells Fargo was a holder in due course of the promissory note and deed of trust, it had no legal standing to foreclose on the property in question. She also alleged that foreclosure was

improper because the note had been rescinded and rendered void by its separation from the deed of trust. In denying the motion, the district court concluded that Reeves had failed to show a substantial likelihood of success on the merits.

To the extent that the district court denied Reeves preliminary injunctive relief, she has failed to show that it was an abuse of discretion. *See id.* Reeves does not reassert her claim that the note had been rescinded, nor does she dispute the district court's finding that she had not made a payment on the note since November 2009. The district court reasoned that Reeves's suspicion that Wells Fargo was not the true holder in due course of the note, in light of documentary evidence to the contrary, was insufficient to relieve her of her obligation to pay that note. Reeves has failed to provide any law to the contrary. Further, Reeves acknowledges that she did not cogently articulate her claims before the district court but argues that "based on the facts as now more clearly understood and articulated," she has established a high likelihood of success on the merits. However, because her contentions that the foreclosure notice was flawed, that the assignment and transfer of the note and deed of trust to Wells Fargo was defective, that the undated endorsements were ineffective, and that there is no proof of a nominee agreement between the original lender and Mortgage Electronic Registration Systems, Inc. (MERS) were not presented to the district court, we may not consider them on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (noting that a party may not raise a new theory of relief for the first time on appeal). Likewise, to the extent Reeves relies on documentary evidence that was not before the district court, such evidence may not be considered on appeal. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.").

No. 10-50698

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.