HAYNES, Circuit Judge,
dissenting:
I respectfully dissent. Although the request before this court was styled as a “motion to vacate stay of execution,” it is an appeal from a temporary restraining order (“TRO”) and seeks an order vacating the TRO; thus, I conclude that we lack jurisdiction over this appeal.
Generally, neither the grant nor denial of a TRO is immediately appealable. See In re Lieb, 915 F.2d 180, 183 (5th Cir.1990). Here, the decision to grant the TRO was not, as the majority opinion concludes, the equivalent of granting a preliminary injunction (which is immediately ap-pealable) because the order confined the period to fourteen days. Compare Fed. R.Civ.P. 65(b) (noting that a TRO expires, by its terms, within 14 days of issuance), with Fed.R.Civ.P. 65(a) (providing no time for expiration of a preliminary injunction); cf. Sampson v. Murray, 415 U.S. 61, 86, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (noting that “a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions”). Here, unlike Sampson, the district court’s TRO did not extend beyond the time permissible under Rule 65. Indeed, the State itself argued to the district court that it was unprepared for a preliminary injunction, and all agreed that the matter before the court was solely brief, temporary relief in the form of a TRO. Under these facts, the district court’s ruling was not a preliminary injunction masquerading as a TRO, and we lack jurisdiction. See Harris v. Johnson, 376 F.3d 414, 415 n. 1 (5th Cir.2004) (a death penalty case in which the court stated that a “TRO would not normally be appealable” but found jurisdiction because the district court certified the issue under 28 U.S.C. § 1292(b)); Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir.1999) (a death penalty case holding: “It is well settled that this court has no appellate jurisdiction over the denial of an application for a temporary restraining order.”)
Additionally, contrary to other Fifth Circuit opinions that have reviewed the denial of a TRO when a party’s substantial rights have been irreparably injured, see United States v. Wood, 295 F.2d 772, 778 (5th Cir.1961), the State of Mississippi’s substantial rights have not been irreparably injured by the district court’s order which, at most, has the effect of postponing Turner’s execution for fourteen days. As Turner argued: “A state cannot avoid review of the constitutionality of its procedures by creating [an] artificial crisis through its discretionary scheduling orders.” I would dismiss this appeal for want of appellate jurisdiction and await an appealable order to address the merits of Turner’s claim for relief.