# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

BENJAMIN A. ROARK,

Plaintiff-Appellant

v.

INDIVIDUALS OF THE FEDERAL BUREAU OF PRISONS, FORMER AND CURRENT; ERIC HOLDER; ALBERTO GONZALES, Former United States Attorney General; JOHN ASHCROFT, Former United States Attorney General; JANET RENO, Former United States Attorney General; C. E. SAMUELS, Current Director of Bureau of Prisons, also known as Charles E. Samuels; MICHAEL J. CARVAJAL, Warden at FCI Texarkana; KEITH ROY, Warden, FCI Three Rivers; WARDEN DAVID JUSTICE, Former Warden FCI Texarkana; HARLEY LAPPIN, Former Director of Bureau of Prisons; KATHLEEN HAWK, Former Director of Bureau of Prisons; HARREL WATTS, Administrative Remedy Coordinator; REGIONAL DIRECTOR BUREAU OF PRISONS G. MALDONADO; H. LINCON, Health Services Administrator; VIRGINIA SEMIEN, Retired from FCI Texarkana; FMN BARNABAS, Former H.S.A. at FCI Texarkana; PAUL KASTNER, Former Warden at FCI Texarkana; LIRA VARGAS DEL-TORRO, Dentist in Texarkana; DOCTOR B. MELLY, Contractee Orthopedic Consultant at FCI; FNU HARRISON, Dentist at FCI Texarkana; REGINA FLANNERY, Medical/Dental FCI Records in Texarkana; ALL DEFENDANTS; UNKNOWN 10; UNKNOWN 11; UNKNOWN 13, BOP Director/Attorney General; MICHAEL A. PAPPAS, also known as FNU Pappas,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-60

No. 13-40598

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benjamin A. Roark, federal prisoner # 04243-003, filed a civil rights complaint against the above named defendants.  He also moved for a temporary restraining order (TRO) and a preliminary injunction ordering the defendants to provide requested dental evaluations and treatment, to provide orthopedic evaluations and surgery for his hand, to provide sufficient writing tables in the prison, to alleviate overcrowding and related issues resulting from such overcrowding, and to provide sufficient medical staff for the prison population.  The district court denied the requested TRO and injunction. Roark filed a notice of interlocutory appeal.

As an initial matter, Roark requests the appointment of counsel in his brief.  Absent exceptional circumstances, an indigent civil rights plaintiff has no right to the appointment of counsel.  *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982).  Roark has demonstrated he is capable of adequately presenting the issues and facts involved in his case.  Accordingly, his motion for the appointment of counsel is denied.

In addition, we do not have appellate jurisdiction over the denial of an application for a TRO because it does not qualify as an "injunction" under 28 U.S.C. § 1292(a)(1).  *See Faulder v. Johnson,* 178 F.3d 741, 742 (5th Cir. 1999); *In re Lieb,* 915 F.2d 180, 183 (5th Cir. 1990).  Therefore, to the extent Roark appeals the denial of a TRO, that portion of his appeal is dismissed.

Unlike a TRO, an order granting or denying an injunction is immediately appealable.  *See* § 1292(a)(1); *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir. 1991).  We review the grant or denial of a motion for a preliminary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunction for an abuse of discretion. *Janvey v. Alguire,* 647 F.3d 585, 591-92 (5th Cir. 2011). However, a request for mandatory relief, such as Roark's, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews,* 544 F.2d 1233, 1243 (5th Cir. 1976).

To secure a preliminary injunction, the moving party must establish "a substantial likelihood of success on the merits," "a substantial threat of irreparable injury if the injunction is not issued," "that the threatened injury . . . outweighs any harm" that would result from granting the injunction, and that granting the injunction "will not disserve the public interest." *Janvey,* 647 F.3d at 595. Because we find that Roark has not shown that the facts and the law "clearly favor" granting relief or that he has established the required four elements for granting an injunction, we conclude that the district court did not abuse its discretion by denying injunctive relief. *See Janvey,* 647 F.3d at 591-92, 595; *Martinez,* 544 F.2d at 1243. Therefore, the district court's denial of Roark's motion for a preliminary injunction is affirmed.

MOTION FOR APPOINTMENT OF COUNSEL DENIED; DISMISSED IN PART; AFFIRMED IN PART.