# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40372
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2016

Lyle W. Cayce
Clerk

DAVID W. EVANS,

Plaintiff-Appellant

v.

JEREMY ZWAR,

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-302

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David W. Evans, Texas prisoner # 1246749, appeals from both the partial judgment dismissing his 42 U.S.C. § 1983 claims against defendant Jeremy Zwar and from the order denying his motion for a temporary restraining order (TRO) and preliminary injunction.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40372

jurisdiction to consider Evans's appeal from the partial judgment, which adjudicated fewer than all of his claims, because the partial judgment does not indicate that the district court intended to enter a final judgment. *See* FED. R. CIV. P. 54(b); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). Likewise, we lack jurisdiction to consider Evans's appeal from the denial of a TRO. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999); *Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990).

We have jurisdiction to consider Evans's appeal from the denial of a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1); *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015). A party seeking a preliminary injunction must establish, inter alia, "a substantial likelihood of success on the merits [and] a substantial threat of irreparable injury if the injunction is not issued." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). As Evans does not even address whether he made such a showing in the district court, he fails to show that the district court abused its discretion by denying the preliminary injunction. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

We DISMISS for lack of jurisdiction Evans's appeal of the partial judgment, we DISMISS IN PART for lack of jurisdiction and AFFIRM IN PART the order denying a TRO and a preliminary injunction, and we DENY Evans's motion for review of judgment and an evidentiary hearing.