For the foregoing reasons, the judgment of the district court is

AFFIRMED.

JOHN R. BROWN, Senior Circuit Judge, concurring:

Without in any way even breathing the possibility of a purpose to deprecate the exhaustive, patient, complete, scholarly opinion of Judge Anderson, I would in enthusiastic concurrence emphasize one thing. Allowing a presumption of continued possession to prevail would be not only bad law, it would be worse biology. Milk supposedly on the shelf for ten days would not be saleable, and if saleable, would not be potable, and if potable, it would not be safe to drink.

Fortunately, the law with reason rescues itself from any such absurdities.

---

**Terry JORGENSON, T.D.J., Inc., d/b/a Porky's, Plaintiffs,**

**and**

**Eric A. Latinsky, Fred W. Fendt, Appellants,**

**v.**

**COUNTY OF VOLUSIA, Edwin H. Duff, II. in his official capacity as Sheriff of Volusia County, Defendants–Appellees.**

No. 87–3703
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 14, 1988.

---

Richard L. Wilson, Orlando, Fla., for appellants.

Daniel D. Eckert, Asst. Co. Atty., Deland, Fla., for defendants-appellees.

Frank B. Gummey, III, City Atty., Marie Hartman, Asst. City Atty., Daytona Beach, Fla., for City of Daytona Beach, amicus curiae.

Before RONEY, Chief Judge, HILL and VANCE, Circuit Judges.

PER CURIAM:

The appellants, attorneys Eric Latinsky and Fred Fendt, were sanctioned by the district court pursuant to Fed.R.Civ.P. 11 for failing to cite adverse, controlling precedent in a memorandum filed in support of an application for a temporary re-straining order and a preliminary injunction. In the appellants' initial appeal to this court, the case was remanded to the district court because the court had failed to notify the attorneys in advance that it was considering sanctions, and did not give them an opportunity to respond. *Jorgenson v. County of Volusia,* 824 F.2d 973 (11th Cir.1987) (unpublished opinion). On remand, the district court reaffirmed the imposition of sanctions, and the attorneys appeal. We affirm.

Appellants filed an application in the district court for a temporary restraining order and a preliminary injunction on behalf of their clients, who own and operate a lounge known as "Porky's." In support of the application, appellants filed a memorandum of law which challenged the validity of a Volusia County ordinance prohibiting nude or semi-nude entertainment in commercial establishments at which alcoholic beverages are offered for sale or consumption. The memorandum failed to discuss or cite two clearly relevant cases: *City of Daytona Beach v. Del Percio,* 476 So.2d 197 (Fla.1985) and *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981). We find that this failure supports the imposition of Rule 11 sanctions in the circumstances of this case.

The field of law concerning the regulation of the sale and consumption of alcohol in connection with nude entertainment is a narrow and somewhat specialized field. Prior to the opinion of the Supreme Court of Florida in *Del Percio,* the critical question of whether the state of Florida had delegated its powers under the Twenty–First Amendment to counties and municipalities had gone unanswered. In some circles, that decision was long-awaited. If the state had delegated the authority, local ordinances regulating the sale or consumption of alcohol would be entitled to a presumption in favor of their validity which is conferred by the Twenty–First Amendment. *See Bellanca,* 452 U.S. at 718, 101 S.Ct. at 2601. If the state had not delegated the authority, the ordinances would be subject to the stricter review applicable to

exercises of the general police power. *See Krueger v. City of Pensacola,* 759 F.2d 851, 852 (11th Cir.1985).

The question regarding Florida's delegation of its powers under the Twenty–First Amendment was answered by the Supreme court of Florida in *Del Percio,* a case in which one of the appellants, Latinsky, participated. The court held that the powers had been delegated. Less than one year later, on or about January 13, 1986, Latinsky and an associate brought the instant suit seeking a declaration that a similar ordinance was unconstitutional and requesting a temporary restraining order and a preliminary injunction. In their presentation to the court, the appellants cited a number of cases describing the limits on the exercise of the general police power. However, they did not advise the court in any way that *Del Percio* had been decided, despite the fact that *Del Percio* required that the validity of the ordinance be judged in light of powers retained under the Twenty–First Amendment rather than the general police power.

The appellants purported to describe the law to the district court in the hope that the description would guide and inform the court's decision. With apparently studied care, however, they withheld the fact that the long-awaited decision by the Supreme Court of Florida had been handed down. This will not do. The appellants are not redeemed by the fact that opposing counsel *subsequently* cited the controlling precedent. The appellants had a duty to refrain from affirmatively misleading the court as to the state of the law. They were not relieved of this duty by the possibility that opposing counsel might find and cite the controlling precedent, particularly where, as here, a temporary restraining order might have been issued *ex parte.*

In this court, appellants argue that the cases were not cited because they are not controlling. We certainly acknowledge that attorneys are legitimately entitled to press their own interpretations of precedent, including interpretations which render particular cases inapplicable. It is clear, however, that appellants' attempts to show that *Del Percio* and *Bellanca* are not controlling are simply post hoc efforts to evade the imposition of sanctions. Neither the original complaint nor the memorandum of law filed by appellants in the district court reflect or support the arguments they now raise. Indeed, it is likely that the arguments were not raised previously because they are completely without merit. In the circumstances of this case, the imposition of Rule 11 sanctions by the district court was warranted. The judgment of the district court is

AFFIRMED.