Alfred D. WHITE, Plaintiff–Appellant,

v.

Frank C. CARLUCCI, Secretary, Department of Defense, and James Webb, Secretary, Department of the Navy, Defendants–Appellees.

No. 88–3269
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1989.

Joseph W. Thomas, New Orleans, La., for plaintiff-appellant.

Glenn K. Schreiber, Asst. U.S. Atty., John Volz, U.S. Atty., New Orleans, La., for defendants-appellees.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In this case, we must determine whether and to what extent a Title VII plaintiff must show a likelihood of irreparable harm for a preliminary injunction to issue. Plaintiff Alfred White is a civilian employee of the United States Navy who worked as a Deputy Equal Employment Officer before filing this lawsuit. On December 18, 1987, he brought this action alleging racial discrimination in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964. By letter dated February 11, 1988, plaintiff was reassigned to a new position as a program analyst at the same command post. This new job involved skills similar to those of the old job and provided identical compensation and benefits. Plaintiff moved to enjoin preliminarily the reassignment pending the resolution of his claims. A magistrate held a lengthy hearing and explicitly found that plaintiff had not established a likelihood of irreparable injury and therefore denied the injunction.[1] This interlocutory appeal followed.

---

1. For a preliminary injunction to issue, the party seeking such relief must also establish (1) a substantial likelihood of success on the merits, (2) a favorable balance of hardships, and (3) no adverse effect on the public interest. *See Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir.1984); *Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir.1979). The magistrate did not address these other elements. Plaintiff would have us accept them as satisfied and order the injunction to issue if we find that

The government, asserting that the appeal is frivolous, asks us to impose sanctions.

## I. *Standard of Review.*

■ We will reverse the denial of a preliminary injunction only under extraordinary circumstances. "The decision to grant or deny a preliminary injunction lies within the sound discretion of the trial court and may be reversed on appeal only by a showing of abuse of discretion." *Apple Barrel,* 730 F.2d at 386. Furthermore, we may "not simply ... substitute [our] judgment for the trial court's, else that court's announced discretion would be meaningless." *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir.1985).

■ Each element of the injunction analysis typically involves questions of fact and of law. *Apple Barrel,* 730 F.2d at 386. The factual components of the decision are subject to a clearly-erroneous standard of review. *Id.;* Fed.R.Civ.P. 52(a). Legal conclusions, of course, "are subject to broad review and will be reversed if incorrect." *Commonwealth Life Ins. Co. v. Neal,* 669 F.2d 300, 304 (5th Cir.1982).

## II. *Irreparable Harm.*

■ A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985). Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue. *See Enterprise,* 762 F.2d at 472.

■ The ultimate thrust of plaintiff's argument, to the extent that one can be discerned from his brief, is that irreparable harm need not be established independently in a Title VII case in order for an injunction to issue. The cases cited in behalf of this proposition are all inapposite. Both *United States v. Hayes Int'l Corp.,* 415 F.2d 1038, 1045 (5th Cir.1969), and *EEOC v. Cosmair, Inc.,* 821 F.2d 1085, 1090 (5th Cir.1987), held only that irreparable harm need not be proven if (1) the injunctive relief is sought pursuant to statute by the appropriate government officer or agency and (2) all of the statutory prerequisites are met. The exception also applies only after all administrative remedies have been exhausted. *Cosmair,* 821 F.2d at 1091. There is no way to read these cases as eliminating generally the irreparable harm requirement for all Title VII plaintiffs.[2]

■ In the alternative, plaintiff summarily asserts that since he filed his complaint pursuant to 42 U.S.C. § 2000e–16, which incorporates 42 U.S.C. § 2000e–5(g), authorizing injunctive relief, this injunction is being sought pursuant to statute and therefore comes under the exception recognized by *Hayes* and *Cosmair.* This argument is unconvincing.

Although 42 U.S.C. § 2000e–5(g) authorizes injunctive relief, it speaks only to post-trial remedies after a plaintiff has actually prevailed on the merits of his or her claim. The comparable provision treating *preliminary* relief is 42 U.S.C. § 2000e–5(f)(2), which is also incorporated by 42 U.S.C. § 2000e–16. However, in a government-employment case this provi-

---

irreparable injury was either established or need not be. Such a result would be inappropriate.

Where a magistrate or trial judge has not entered findings and conclusions on the elements of an injunction pursuant to Fed.R.Civ.P. 52(a), the proper solution is to remand so that such findings and conclusions may be entered, to give us a basis for review. Although the existence of such findings is not a jurisdictional requirement, we will review an injunction decision in their absence only when the record is exceptionally clear and remand would serve no useful purpose. *See Davis v. United States,* 422

F.2d 1139, 1142 (5th Cir.1970). This is simply not such a case. In any event, upon cursory review of the record, we doubt seriously whether plaintiff can establish any of these other elements. Yet he will certainly have to do so upon remand should we reverse on the issue of irreparable harm.

**2.** We fail to see how the third case cited by plaintiff, *Wilson v. Thompson,* 593 F.2d 1375 (5th Cir.1979), involving the *Younger v. Harris* prohibition on federal courts' enjoining state proceedings, bears any relationship to the instant facts.

sion authorizes only the Attorney General, not private plaintiffs, to seek an injunction.

Accordingly, plaintiff is not seeking this injunction pursuant to statute. In any event, even if we were to read § 2000e–5(f)(2) as authorizing this injunction, plaintiff still has not exhausted his administrative remedies so as to come within the exception recognized by *Hayes* and *Cosmair.*

In *Porter v. Adams,* 639 F.2d 273, 278 (5th Cir. Unit A Mar. 1981), we held explicitly that "the traditional considerations that inform decisions concerning preliminary injunctive relief—irreparable harm, the likelihood of success on the merits, balancing of the equities, and the public interest—still apply" in Title VII cases involving federal employees. The authorities that govern this inquiry are *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed. 2d 166 (1974), and its progeny. *Porter,* 639 F.2d at 278 n. 8.

Remarkably, in plaintiff's brief his counsel does not even address *Porter,* even though that same counsel represented the *Porter* plaintiff in that case. However, there is simply no reasonable way to avoid *Porter* and conclude that irreparable harm need not be established in a Title VII case not coming squarely under *Hayes* and *Cosmair.* "[I]rreparable injury is an essential prerequisite to preliminary injunctive relief for federal employees under Title VII." *Porter, id.* (citing *Garza v. Texas Educ. Found., Inc.,* 565 F.2d 909 (5th Cir.1978); *Morgan v. Fletcher,* 518 F.2d 236 (5th Cir. 1975); *Parks v. Dunlop,* 517 F.2d 785 (5th Cir.1975)).

In *Sampson,* the Supreme Court overturned a finding that irreparable harm was established where a federal employee was discharged and sought reinstatement pending her appeal to the Civil Service Commission. The Court instructs that "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." 415 U.S. at 90, 94 S.Ct. at 953.

*Sampson* also explicitly mandates that courts must consider the disruptive effect on the administrative process of the federal government of granting preliminary injunctions in government-employment-related cases. Without even considering the merits of her underlying claims, the court held that the hapless plaintiff in *Sampson* could not establish irreparable harm despite the fact that she had lost her livelihood. *Id.* at 92–93, 94 S.Ct. at 954. By contrast, the instant plaintiff, White, has merely been reassigned to a new position at the same location and salary. It is difficult to see what irreparable harm White is likely to suffer in light of the fact that the Supreme Court has squarely held that even complete loss of employment is not cognizable.

*Sampson* also patently stands for the proposition that there is no nexus between the strength and nature of the underlying claim and the element of irreparable harm. Such irreparable harm must be proven separately and convincingly. The burden of proof is not reduced by either the existence of an extremely strong likelihood of success or the egregiousness of the alleged wrong upon which the underlying claim is based.

We have held similarly in a number of cases. In *Parks v. Dunlop,* the district court granted a preliminary injunction preventing the Department of Labor from filling a vacant position pending plaintiff's administrative appeal asserting that he had been passed over for promotion to this position because of reverse discrimination actionable under Title VII. We took the unusual step of reversing this decision based upon the absence of a showing of irreparable harm, noting that "[m]aintenance of the status quo is only sometimes a concomitant of preventing irreparable harm—never the touchstone for such injunctive relief." *Id.* at 787.

Likewise, in *Morgan v. Fletcher,* a NASA employee was notified of her probable removal two months after she had filed an administrative sex discrimination complaint. She sought and received preliminary injunctive relief pending a full agency hearing. The district court noted the percentage of her family's income which plaintiff's salary provided and that dismissal could lead to foreclosure on her home and

possible health problems because of the removal of her medical benefits. We acknowledged the potential magnitude of these injuries, and that the underlying claim might be meritorious, but still found that injuries of this nature are not the type of irreparable harm justifying injunctive relief. *Id.* at 240. The injuries all could be made whole by money damages or other subsequent relief.

Thus, according to *Porter*, White must establish irreparable harm. Under the appropriate standards imposed by *Sampson, Parks,* and *Morgan,* he cannot claim in good faith that such harm will be caused because of his reassignment. In fact, plaintiff does not, and cannot, make any fact-specific argument as to how he will be irreparably harmed. He relies completely upon the untenable assertion that the nature of his claim eliminates the need for such a showing. In conclusion, the magistrate performed the proper analysis in finding no irreparable harm and denying the preliminary injunction.

### III. *Sanctions.*

■ Citing our recent decision in *Coghlan v. Starkey,* 852 F.2d 806, 809 (5th Cir.1988), the government has asked us to impose double costs and attorneys' fees on plaintiff pursuant to Fed.R.App.P. 38 for bringing a frivolous appeal and for non-disclosure of controlling authority. We cannot agree that this appeal is totally frivolous, as there is language from *Hayes* and *Cosmair* arguably supporting plaintiff's position. White's counsel could have argued in good faith, albeit unsuccessfully, that *Porter* is either distinguishable or wrongly decided and that these other cases control.

We are, however, troubled by the failure of plaintiff's counsel even to mention *Porter,* much less make a good faith argument as to why it should not control. Moreover, we may infer that this omission was not

3. In *Jorgenson v. County of Volusia,* 846 F.2d 1350 (11th Cir.1988), the Eleventh Circuit recently upheld Fed.R.Civ.P. 11 sanctions imposed by a district court where plaintiff's counsel sought a temporary restraining order and a preliminary injunction without disclosing a con-

inadvertent, given that the same attorney had also represented the plaintiff in *Porter.* Accordingly, we think it appropriate to admonish White's counsel even though we do not impose sanctions.[3]

AFFIRMED.

trary controlling case in which he had been involved personally. The court held that counsel was not "redeemed by the fact that opposing counsel *subsequently* cited the controlling precedent." *Id.* at 1352 (emphasis in original).