## CITY OF NEW ORLEANS

v.

## UNITED STATES DEPARTMENT OF LABOR, et al.

### Civ. A. No. 93–1775.

United States District Court,
E.D. Louisiana.

June 7, 1993.

Gregory David Guth, Kathy L. Torregano, Bruce E. Naccari, City Attorney's Office, Dan Brian Zimmerman, New Orleans, LA, for plaintiff.

Robert J. Boitmann, U.S. Attorney's Office, New Orleans, LA, Nancy Ann Nungesser, Joan Elaine Chauvin, U.S. Attorney's Office, New Orleans, LA, for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

The City of New Orleans moves for a temporary restraining order and a preliminary injunction to stop a hearing before the administrative law judge regarding a disputed accounting between the United States Department of Labor and the State of Louisiana to determine a debt owed by the State, and ultimately the City, under the Job Training Partnership Act, 29 U.S.C. § 1501 *et seq.*[1]

## BACKGROUND

This dispute involves federal funds received by the City of New Orleans under the Job Training Partnership Act (JTPA), 29 U.S.C. § 1501 *et seq.* These funds were granted to the State of Louisiana through an agreement between the Governor of Louisiana and the U.S. Department of Labor. The State then designated the City of New Orleans to provide the job training opportunities and the City entered into subcontracts with various public, private and nonprofit corporations to perform job training services.

In early February 1991, the Department of Labor's Office of the Inspector General issued a report to the DOL which questioned $5,165,985 in expenditures made by the contractors hired by the City. In October of that year, the State issued a "Final Determination" against the City in the amount of $3,304,659. In April 1992, the DOL issued a similar Final Determination against the State in the amount of $3,640,563. In May 1992, the State requested a hearing before an Administrative Law Judge to adjudicate the dispute. That hearing is scheduled for Tuesday June 8, 1993. It has been set since early January 1993. The plaintiff has chosen not to participate in that hearing and seeks an eleventh hour injunction.

### I.

The plaintiff wants to stop the administrative hearing scheduled on the ground that it will determine issues adverse to the plaintiff without the plaintiff's participation.

Before this Court can issue the extraordinary remedy of emergency injunctive relief, the plaintiff must establish that: (1) there is substantial likelihood of success on the merits; (2) the likelihood of irreparable injury to plaintiff if the injunction is not issued; (3) a favorable balance of hardships, and the threatened harm to the City outweighs any potential injury to the other parties; and (4) the relief requested serves the public interest. *See White v. Carlucci,* 862 F.2d 1209, 1211 (5 Cir.1989); *Star Satellite v. City of Biloxi,* 779 F.2d 1074, 1079 (5 Cir.1986). The plaintiff has fallen far short of satisfying its burden.

### A.

### *Substantial Likelihood of Success on the Merits*

The plaintiff essentially ducks this part of the test, arguing that it need show no more than that this Court has jurisdiction over the matter. Although subject matter jurisdiction is an issue, the plaintiff must also address the merits of the underlying dispute. The plaintiff has failed to do so and this Court must hold that the City has failed to show a sub-

---

1. In conjunction with the opposition to the plaintiff's motion for a preliminary injunction, the defendant has improperly appended a motion to dismiss for improper service. Since this motion was not properly noticed for hearing, the Court does not reach the motion.

stantial likelihood of success on the merits. Even if the Court were to accept the City's argument that the only subject matter jurisdiction need be established, the Court believes that the plaintiff is incorrect in its assessment of this Court's jurisdiction.

The JTPA details an extensive administrative review process for disputes that arise over grants and expenditures under the Act. *See* 20 CFR § 629.42. First, the Department of Labor and the State are required to try to resolve the dispute through a form of joint examination. 20 CFR § 629.42(b)(c)(d). If a dispute remains over disallowed expenditures, the State may request a hearing before an administrative law judge as to the disputed portions. 29 U.S.C. §§ 1574(d), 1576; 20 C.F.R. § 629.57. If the State is dissatisfied with the decision of the administrative law judge, the State may request further review by the Secretary of Labor. 29 U.S.C. § 1576(b). Any decision reached by the Secretary of Labor is then reviewable by the Court of Appeals. 29 U.S.C. § 1578.

The administrative process in this case has not reached the halfway point because the administrative hearing has not yet been held. The City makes much of the fact that it is not participating in the administrative hearing, but that is the City's tactical choice; the City may intervene under 29 C.F.R. § 18.10. *See County of Los Angeles, Service Delivery Area v. U.S. Department of Labor*, 891 F.2d 1390, 1394–95 (9 Cir.1989). Plaintiff's decision to boycott the administrative process does not compel this Court to interrupt what is an ongoing process towards a final resolution. Otherwise, this Court would have to review a decision before it was really ripe for judicial review. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

The ripeness of this dispute for judicial review is, however, not the central reason this Court lacks subject matter jurisdiction. More important is the fact that Congress has

chosen the very specific method of adjudicating disputes under the JTPA, a method that includes an administrative process with an ultimate right to appeal to the Fifth Circuit. *See* 29 U.S.C. § 1578. The Court finds no provision in the statute that allows a party to bypass these statutory procedures and sue directly in federal district court. The case literature is, in fact, clear that where Congress has specified a mode for judicial review of agency action, that mode is exclusive. *See Brotherhood of Locomotive Engineers v. Boston and Maine Corp.*, 788 F.2d 794, 799 (1 Cir.1986); *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 75 (D.C.Cir.1984). Consequently, contrary to the plaintiff's contention, this Court does not have subject matter jurisdiction.[2]

This Court does not have subject matter jurisdiction, and, therefore, the plaintiff cannot show that there is a substantial likelihood of plaintiff's success on the merits because the plaintiff would very quickly find the federal action dismissed.

### B.

#### *Irreparable Injury to the Plaintiff*

The plaintiff has likewise failed to establish that it will suffer irreparable injury if the administrative hearing is not stopped. The plaintiff argues that its exclusion from the administrative hearing violates due process of law. However, the plaintiff has made no attempt to intervene in that hearing under 29 C.F.R. § 18.10. It would seem, then, that the plaintiff cannot claim to be excluded if the plaintiff holds the key to inclusion in the process. The plaintiff also argues that it has an ongoing relationship with these job training programs and the State and that the practice of the DOL and the State of determining sanctions against the City without the City's participation substantially threatens the City's relationship with the contractors and also the ability of the City to operate job

---

2. The plaintiff's sole support for the premise that this Court has subject matter jurisdiction is the decision in *Jobs, Training & Services, Inc., et al. v. East Texas Council of Governments, et al.*, Civil Action No. 6:91CV550 (E.D.Tex. Sept. 3, 1992) (court held that the JTPA did not preclude resort to the federal courts). This Court believes that the decision in *East Texas Council* is contrary to the provisions and intent of the JTPA. *See Northwest Pennsylvania Training Consortium, Inc. v. United States Department of Labor*, Civil Action No. 89–213 Erie (W.D.Pa. Nov. 24, 1992) (court held that the Court of Appeals is the sole situs for judicial review under the JTPA).

training programs in the future. Again, the plaintiff has failed to show that it is truly excluded from the administrative process. Consequently, the claimed irreparable harm appears more the result of the plaintiff's refusal to participate than by way of a questionable act of exclusion.

The plaintiff's motion for a preliminary injunction is DENIED.[3]

---

**3.** The Court need not reach the remaining tests for the grant of injunctive relief because the City has wholly failed to reach safe harbor under the most important of the tests.