United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30419
SUMMARY CALENDAR

———————————————

DENARD DARNELL NEAL

Plaintiff - Appellant

v.

FEDERAL BUREAU OF PRISONS; KATHLEEN HAWK-SAWYER; RONALD G
THOMPSON; CARL CASTERLINE; JANE HASCHEMEYER; WHITE, Mr., Mailroom
Supervisor; ERICKSON, Mr., Assistant Mailroom Supervisor; HALTIWANGER, Mr.;
CASTILLO, Ms.; PHELPS, Mr.; SMITH, Mr.; HARRELL WATTS; SHERREL BOZEMAN;
LESTER PHILLIPS, In His Individual and Official Capacity; TRANSOU, Lieutenant, In His
Individual and Official Capacity; BOBBY TYLER

Defendants - Appellees

DENARD DARNELL NEAL

Plaintiff - Appellant

v.

KATHLEEN HAWK SAWYER; CARL CASTERLINE; SHERRELL BOZEMAN; RONALD G
THOMPSON; HARRELL WATTS; WHITE, Mr.; ERICKSON, Mr.; PHELIPS, Mr.;
HALTIWANGER, Mr.; SMITH, Mr.; CASTILLO, Ms.; JANE HASCHEMEYER

Defendants - Appellees

—————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(02-CV-1908)
(02-CV-1942)

—————————————————————————————————————————

-1-

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision to deny Plaintiff-Appellant, Denard Darnell Neal's (hereinafter "Neal"), motion for a temporary restraining order or preliminary injunction in his civil rights action filed pursuant to 42 U.S.C. § 1983. For the following reasons, we affirm the district court's decision.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Neal has filed several civil actions seeking monetary damages and injunctive relief against the Federal Bureau of Prisons (hereinafter "BOP") and employees of both the BOP and the United States Penitentiary at Pollock, Louisiana. Neal alleges numerous violations of his constitutional rights by prison officials, including 1) forcible interviews; 2) charging inmates for typewriter ribbons and underwear; 3) tampering with legal mail; and 4) a corrupt administrative remedy system. Neal's initial request was for a preliminary injunction ordering Defendants to transfer him to another prison.

Neal also filed a motion for a temporary restraining order against eight Defendants. This request resulted from an alleged attack on Neal by prison officials when Neal refused to allow officers to put another inmate in Neal's cell. In his motion for a temporary restraining order, Neal claimed 1) violations of the Eight Amendment right to be free of cruel and unusual punishment; 2) violation of the Torture Victim Protection Act of 1991; 3) an equal protection violation; 4)

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

deliberate indifference to medical needs; 5) retaliation; and 6) denial of access to the administrative remedy process.

Neal seeks a court order 1) directing Defendants to cease assaulting Neal; 2) restricting Defendants from having contact with Neal pending an investigation; 3) directing Defendants to identify all prison staff involved in the alleged assault; 4) placing Neal in protective custody; 5) ordering Defendants to preserve the videotape of the alleged assault; and 6) providing Neal access to administrative remedies.

The district court denied Neal's motion for a temporary restraining order and preliminary injunction. The court ruled that Neal had not alleged any specific facts showing a substantial threat of irreparable injury if his requested injunction was not granted. The district court also ruled that Neal had failed to prove a substantial likelihood that his cause would succeed on the merits.

## II.

## APPELLATE JURISDICTION

Due to the way in which Neal framed his motion for a temporary restraining order, this court must examine the basis of its jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (the court must examine its jurisdiction on its own motion if necessary). Denial of a motion for a temporary restraining order is not appealable. *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). However, denial of a preliminary injunction is immediately appealable, if the injunction is related to the substantive issues of the litigation. 28 U.S.C. § 1292(a)(1); *Siebert v. Great Northern Development Co.*, 494 F.2d 510, 511 (5th Cir. 1974); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Neal designated his motion as a motion for a temporary restraining order, but the

relief he requests is only available by a preliminary injunction because the relief sought would

extend beyond the ten-day limit of a temporary restraining order. Because the injunctive relief

requested by Neal is related to the substantive issues of the litigation, liberally construed, Neal's

request constitutes a motion for preliminary injunction. Thus, this court has jurisdiction to hear

the appeal.

III.

STANDARD OF REVIEW

We review the district court's decision denying Neal's motion for preliminary injunction

for abuse of discretion. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The decision to

deny a preliminary injunction will be reversed by this court "only under extraordinary

circumstances." *Id.*

IV.

PRELIMINARY INJUNCTION

To receive a preliminary injunction, Neal must prove 1) a substantial likelihood of success

on the merits of his case; 2) a substantial threat that failure to grant the order will result in

irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause

Defendants; and 4) the injunction will not have an adverse affect on the public interest. *Women's*

*Med. Ctr. v. Bell*, 248 F.3d 411, 418-420 (5th Cir. 2001); *Lakedreams*, 932 F.2d at 1107. Neal

must prove all four elements and failure to prove any one of them will result in denial of the

motion. *Enterprise Intern, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464,

472 (5th Cir. 1985).

Neal has not shown that the district court abused its discretion in denying his motion for a

-4-

preliminary injunction because Neal has not established a substantial threat of irreparable injury. Neal alleges no facts beyond the conclusory allegations of a conspiracy against him that suggest the prison staff will assault him in the future. *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983). In regards to the surveillance tape which Neal purports is evidence of the alleged assault, Neal can seek its production through the regular discovery process. *U.S. v. Pretel*, 939 F.2d 233, 239-240 (5th Cir. 1991) (defendant could have sought preservation of audiotapes by discovery process). Any preliminary injunction issued by the court would merely be an order for Defendants to do their duty.

V.

CONCLUSION

For the foregoing reasons the judgment of the district court is affirmed.