# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50210

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

MARCUS GUTIERREZ,

Plaintiff-Appellant

v.

JOHN P. WERNER; VALENCIA POLLARD; M.D. DOUGLAS GREENE; DR. ROGER D. SOLOWAY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-287

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcus Gutierrez, Texas prisoner # 1865147, moves for leave to proceed in forma pauperis (IFP) and for the appointment of counsel in an appeal of the district court's interlocutory order denying his motion for a preliminary injunction. Gutierrez's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50210

According to Gutierrez, the defendants violated his constitutional rights by not affording him additional medical procedures, protection, and medical treatment once his medical conditions were brought to their attention. Additionally, he asserts that Valencia Pollard acted improperly with regard to fulfilling his request for a copy of his prior medical records. Gutierrez's assertions are bare and do not identify any extraordinary circumstances warranting reversal of the district court's denial of his motion for a preliminary injunction. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

Furthermore, Gutierrez has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motions for leave to proceed IFP and for the appointment of counsel and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Gutierrez is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS FOR LEAVE TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.