# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2019

Lyle W. Cayce
Clerk

DENNIS RAY DAVIS, JR.,

Plaintiff-Appellant

v.

COMMISSIONER CADDO PARISH; WOODY WILSON, Individually and in his Official Capacity; JAMES R. DEMOUCHET; FOSTER CAMPBELL, Individually and in his Official Capacity; STEVE PRATOR; et al,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-1269

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dennis Ray Davis, Jr., Louisiana prisoner # 469947, filed a pro se 42 U.S.C. § 1983 action in which he appears to allege that he is being falsely imprisoned in the Caddo Parish Correctional Center. Having been granted leave to proceed in forma pauperis (IFP), Davis appeals the district court's interlocutory orders denying his motions for a temporary restraining order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31072

(TRO) and a preliminary injunction.  Davis sought injunctive relief ordering that certain prison officials be restrained from denying his release and be ordered to provide him access to the courts, a telephone, and a copy machine and, further, that certain Louisiana state courts give expedited consideration to his legal cases.  Davis also moves for the appointment of counsel and expedited consideration of this appeal.

We lack jurisdiction to review the district court's denial of Davis's request for a TRO.  *See In re Lieb,* 915 F.2d 180, 183 (5th Cir. 1990).  However, we possess jurisdiction to review the district court's denial of Davis's request for a preliminary injunction, which is immediately appealable.  *See* 28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor,* 932 F.2d 1103, 1106-07 (5th Cir. 1991).

Davis's allegations in this appeal are insufficient to demonstrate extraordinary circumstances justifying the reversal of the district court's denial of his request for a preliminary injunction.  *See White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir. 1989).  Davis has failed to establish that the district court abused its discretion in determining that he was not entitled to a preliminary injunction because he had failed to establish a substantial threat of irreparable injury or a substantial likelihood of success on the merits of his case.  *See Lakedreams*, 932 F.2d at 1107; *White*, 862 F.2d at 1211.

Finally, as we recognized on April 1, 2019, Davis has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).  *Davis v. Whyce,* 763 F. App'x 348, 349 (5th Cir. 2019); *see Davis v. Wyche,* No. 5:18-CV-9, 2018 WL 2946399, at *1 (W.D. La. June 12, 2018) (unpublished); *Davis v. Wyche,* No. 5:17-CV-1230, 2017 WL 6503992, at *1 (W.D. La. Dec. 18, 2017) (unpublished).  We have not applied the § 1915(g) bar here because Davis filed this appeal before earning his third strike.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  We reiterate, however, that Davis

No. 18-31072

is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

In sum, we DISMISS Davis's appeal in part for lack of jurisdiction and AFFIRM the district court's denial of a preliminary injunction.  Davis's motion for appointment of counsel and incorporated motion for expedited consideration are DENIED.