# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2021

Lyle W. Cayce
Clerk

No. 20-10013

Edgar Hernandez,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Garth Parker, *Warden*; John Lopez, *Assistant Warden*; Ricky Villanueva, *Captain, Disciplinary Hearing Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-239

Before Jones, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

Edgar Hernandez, Texas prisoner # 02109665, proceeding pro se and in forma pauperis, filed the present lawsuit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, alleging that prison

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10013

officials and employees of the Texas Department of Criminal Justice (TDCJ) had interfered with his Native American religious practice by subjecting him to multiple disciplinary actions for refusing to cut his hair in accordance with TDCJ grooming policies, even though his religious beliefs forbid him from cutting his hair. He also asserts, however, that he has not actually been forced to cut his hair. Hernandez sought a variety of relief, including preliminary injunctive relief "to freely continue [his religious] practice without any further punishment."

The district court denied Hernandez's request for a preliminary injunction without holding a *Spears* hearing or requesting a response from the TDCJ defendants. The court determined that Hernandez was not entitled to injunctive relief because he had failed to meet his burden of proof with respect to each of the four required elements. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Hernandez filed a timely notice of appeal from the district court's interlocutory order denying his request for a preliminary injunction.

Under 28 U.S.C. § 1292(a)(1), this court has jurisdiction to review the district court's denial of Hernandez's motion for a preliminary injunction, which is immediately appealable. *See Byrum*, 566 F.3d at 444. The denial of a preliminary injunction is reviewed for an abuse of discretion and will be reversed "only under extraordinary circumstances." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The district court's factual determinations are analyzed for clear error, and its legal conclusions are considered de novo. *Byrum*, 566 F.3d at 444.

A district court must make "sufficient findings of fact to support each element of the [preliminary injunction] analysis and apply[] the correct legal standard to those facts." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 586 (5th Cir. 2013). Here, the court's entire discussion

No. 20-10013

of the first element consisted of a single conclusory sentence: "[Hernandez] has not shown a substantial likelihood of success on the merits." The district court did not, for example, analyze the RLUIPA claim under the burden-shifting framework the case law sets forth. *See, e.g., Ali v. Stephens*, 822 F.3d 776, 782 (5th Cir. 2016). Although the grant or denial of a preliminary injunction rests in the discretion of the district court, the court "does not exercise unbridled discretion." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26 (2008) (finding abuse of discretion where district court addressed preliminary injunction considerations "in only a cursory fashion").

The district court addressed the remaining preliminary injunction elements in the same conclusory fashion. Where a district court fails to make sufficient findings of fact to support each element of the preliminary injunction analysis, "the proper solution is to remand so that such findings and conclusions may be entered, to give [this court] a basis for review. *White*, 862 F.2d at 1210 n.1.

For the foregoing reasons, we VACATE the district court's order denying Hernandez's motion for a preliminary injunction and REMAND for further development of the record, followed by reconsideration whether Hernandez has established the required elements for a preliminary injunction.