# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-20083
Summary Calendar

_____

Brock Andrew Starkey,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *Executive Director, Texas Department of Criminal Justice*; Doctor Lannette Linthicum, *Director of TDCJ Health Services Division*; John Doe, *Department Head of TDCJ Health Services Division Office of Professional Standards*; John Doe, *University of Texas Medical Branch Correctional Manager*; John Doe, *University of Texas Medical Branch Head of Department of Quality Services*; Catherine Mayo, *TDCJ Health Services Investigator*; Khari Mott, *Estelle Unit Medical Business Manager*; Seung Taek Lim, N.P., *Estelle Unit*; Brad C. Burns, *Corrections Officer, Estelle Unit*; Mark Roberts, *Practice Manager, Eastham Unit*; Tawona Holmes, N.P., *Eastham Unit*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4055

_____

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Brock Andrew Starkey, a prisoner in the custody of the Texas Department of Criminal Justice (TDCJ), files this interlocutory appeal of the district court's order denying Starkey's motion for a default judgment and motion for a preliminary injunction. Starkey initially filed a complaint under 28 U.S.C. § 1983 alleging an incident of excessive force and subsequent deliberate indifference to Starkey's medical needs. He later moved for (1) injunctive relief in the form of an order from the court compelling the TDCJ to administer medication, and (2) a default judgment based upon the Texas Attorney General's lack of response to the district court's order to produce Starkey's authenticated medical records and any records related to the alleged use of force.

We first consider the district court's ruling on Starkey's motion for a preliminary injunction, which we have jurisdiction to consider under 28 U.S.C. § 1292(a)(1). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the trial court and may be reversed on appeal only by a showing of abuse of discretion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). "[T]o obtain a preliminary injunction, the movant must establish: '(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'" *Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 576 (5th Cir. 2021) (quoting *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)). We agree that Starkey has not shown that he is substantially likely to succeed on his deliberate indifference claim nor has he

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

demonstrated what irreparable injury he might suffer should the injunction not issue. We find no abuse of discretion in the district court's denial of a preliminary injunction.

Turning to the district court's denial of Starkey's motion for a default judgment, we find that we do not have jurisdiction to review the district court's order. Absent a recognized exception, we can only review final decisions of the district courts. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009). As an initial matter, Starkey's motion was not a proper motion for a default judgment under Federal Rule of Civil Procedure 55 nor did it comport with the procedural requirements for such a judgment to issue. It is best characterized as a motion to compel a response to what was essentially a discovery order issued by the district court. The federal courts "have generally denied review of pretrial discovery orders," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981), and so we deny review here. Treating Starkey's motion as styled and considering it as a true motion for a default judgment does not change the result; a denial of a motion for a default judgment is not one of the statutorily created exceptions to the final judgment rule found in 28 U.S.C. § 1292, nor does it satisfy the strict dictates of the collateral order doctrine. *See Mohawk*, 558 U.S. at 106. Therefore, we would still lack jurisdiction to review the district court's order. And to the extent that Starkey asks us in his appellate briefing to rule on the merits of his excessive force and deliberate indifference claims, we are also without jurisdiction to do so. The district court has yet to issue any dispositive orders or judgments on Starkey's claims, and so we have no final decision to review.

For the foregoing reasons, we AFFIRM.