# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2022

Lyle W. Cayce
Clerk

No. 22-10044

Bruce Allan Ades,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-257

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Bruce Allen Ades proceeding *pro se* appeals the dismissal of his lawsuit. Ades sued under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.,* alleging that officers and employees of the government committed criminal offenses under 26 U.S.C. § 7214 by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10044

"demand[ing] other or greater sums than are authorized by law … fail[ing] to perform numerous duties of his/her office or employment (including the loss and destruction of pertinent records to the lawsuit … [and] sign[ing] fraudulent entries in any book." His claims arise from a 2006 closing agreement between the I.R.S., Ades, and his then-wife. ("2006 Agreement") Ades agreed to pay a penalty fee because he underreported federal income taxes by relying on offshore payment cards or financial arrangements.

The government moved to dismiss Ades's lawsuit. The district court granted the motion and dismissed it without prejudice. Pro se litigants are given liberal construction in their briefing, but they are still required to follow the rules of procedure and to brief relevant points. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Ades contends that the district court erred by: (1) dismissing his lawsuit as time-barred and (2) denying his motion for an emergency temporary restraining order ("TRO") and preliminary injunction.

Ades contends that there is not a statute of limitations defined in the APA. However, an "APA challenge is governed by the general statute of limitations provision of 28 U.S.C. § 2401(a), which provides that every civil action against the United States is barred unless brought within six years of accrual." *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286-87 (5th Cir. 1997). Missing the deadline is not without consequences. "[A] 'failure to sue the United States within the limitations period' for a specific cause of action 'is not merely a waivable defense. It operates to deprive federal courts of jurisdiction." *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 229 (5th Cir. 2020) (quoting *Dunn-McCampbell*, 112 F.3d at 1287). Ades's lawsuit is barred by the statute of limitations because his claims stem from the 2006 Agreement.

No. 22-10044

Ades contends that the government's demand letter in December 2019 "and its complete lack of response for months" placed the final agency action "sometime in the middle part of 2020." Such enforcement actions, however, do not create new legal obligations. *Nat'l Pork Producers Council v. U.S. E.P.A.*, 635 F.3d 738, 756 (5th Cir. 2011) (holding guidance letters issued by the EPA do not constitute final agency actions because they "neither create new legal consequences nor affect their rights or obligations"). Ades's claims stem from the settlement he signed in 2006 so his lawsuit was filed long after the six-year statute of limitations expired.

As for the denial of his TRO, "[t]his court has long held that the denial of an application for a temporary restraining order is not appealable." *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). We do not, therefore, consider his appeal of the TRO denial.

We do have jurisdiction to review the denial of a request for preliminary injunction. 28 U.S.C. § 1292(a)(1). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the trial court and may be reversed on appeal only by a showing of abuse of discretion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). The district court did not abuse its discretion in denying the preliminary injunction because Ades did not show he would prevail on the merits of his underlying claims.

AFFIRMED.