# United States Court of Appeals for the Fifth Circuit

_____

No. 23-40131
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

Lamont Fitch,

*Plaintiff—Appellant*,

*versus*

United States of America; Merrick B. Garland;
Christopher Wray; Michael Carvajal; Kathleen Hawk
Sawyer; Charels L. Lockett; Et al.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-246

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Lamont Fitch, federal prisoner # 12384-050, appeals from the district court's denial of his motion for a preliminary injunction (PI).  In his amended

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40131

complaint, Fitch alleged claims under *Bivens*[1] and the Federal Tort Claims Act (FTCA), but the district court severed the *Bivens* claims leaving only the FTCA claims in this case.  The denial of a preliminary injunction is reviewed for an abuse of discretion but should be reversed "only under extraordinary circumstances." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).  "[A] preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  In order to grant any sort of injunction, "the district court must have both subject matter jurisdiction and in personam jurisdiction over the party against whom the injunction runs."   *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) (internal quotation marks and citation omitted).

Throughout these proceedings, Fitch has been imprisoned at the United States Penitentiary Victorville in California.  However, he filed his instant complaint in the district court for the Eastern District of Texas, and he sought PI relief as to events and parties who were not located in the Eastern District of Texas.  Given this context, the district court did not abuse its discretion by denying Fitch's motion for PI.

Accordingly, the district court's judgment is AFFIRMED.  Fitch's motions for appointment of counsel and for leave to file a supplemental document are DENIED.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).