# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2024

Lyle W. Cayce
Clerk

No. 23-40568
Summary Calendar

———————————

Eric Demond Lozano,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *Executive Director, Texas Department of Criminal Justice*; David Goldstein, Rabbi; Darlene Trejo, *Director, Laundry, Food & Supply*; Douglas Sparkman, *Assistant Director, Laundry, Food & Supply*; Jamie L. Taylor, *Major, Food Service*,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-68

———————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Eric Demond Lozano, Texas prisoner #1915276, is a Sunni Muslim of the Hanafi school of thought, one of the four main Sunni schools of Islamic jurisprudence. He alleges that various Texas state prison officials violated his rights under the Religious Land Use and Institutionalized Persons Act

———

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40568

(RLUIPA), the First Amendment's Free Exercise Clause, and the Fourteenth Amendment's Equal Protection Clause by denying him meals that comply with his religious precepts. The district court denied Lozano's requested preliminary injunctive relief, and he now appeals. We largely affirm but vacate the district court's judgment insofar as it failed to apply the correct burden-shifting framework under RLUIPA.

I

As a Sunni Muslim, Lozano alleges that "his religious beliefs compel him to" follow a halal diet. This diet requires adherents to (1) eat meat, but only meat that was "blessed in the name of Allah when slaughtered"; (2) avoid pork, pork byproducts, monoglyceride, lecithin, or whey; (3) avoid fruits or vegetables treated with "pesticides or harmful ingredients"; and (4) avoid any foods that are cross contaminated with any prohibited foods.

Before his most recent transfer, Lozano was housed in the Stringfellow Unit, where his halal dietary needs were accommodated by the prison's kosher food program. But, Lozano alleges, in retaliation for a prior dietary-related lawsuit he filed, prison officials transferred him to the LeBlanc Unit, where he was placed in the main kitchen without any dietary accommodations.

Following his transfer, Lozano filed suit in the Eastern District of Texas and sought various forms of injunctive relief, all of which aimed to restore his initial halal-compliant diet.[1] Lozano additionally moved for appointment of counsel, averring that his case was complex and that his

---

[1] Lozano specifically requested an injunction directing the defendants to either (1) provide him with halal meals, (2) transfer him back to the Stringfellow Unit and the Kosher Kitchen Program, (3) provide him with a stipend of $230 a month to purchase halal meals from the commissary, or (4) provide him with the meals provided to similarly situated Jewish prisoners.

No. 23-40568

limited education and mental-health issues prevented him from properly litigating the case. In a brief order following the defendants' motion to dismiss, the magistrate judge recommended that Lozano's claims be dismissed and that his request for a TRO and an injunction be denied. The district court adopted the magistrate judge's recommendations and additionally denied Lozano's motion for appointment of counsel. Lozano timely appealed and argues that the district court erroneously denied his request for a preliminary injunction based on the defendants' alleged violations of RLUIPA and the First Amendment.[2]

## II

To obtain preliminary injunctive relief, a plaintiff must demonstrate (1) likelihood of success on the merits, (2) irreparable harm, (3) that the equities tip in his favor, and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the district court denied Lozano's motion for a preliminary injunction because he had "not demonstrated a substantial likelihood that he will prevail on the merits of his claims." We review a district court's conclusions of law *de novo* and its ultimate decision for abuse of discretion. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 252 (5th Cir. 2009).

---

[2] Lozano does not raise his Fourteenth Amendment or retaliation claims on appeal, so we will not address them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))). And while Lozano's brief can be generously construed to argue that the district court erred in denying his motion for appointment of counsel, we have no jurisdiction to address that issue in this interlocutory appeal. *See Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (en banc) ("[A] motion for appointment of counsel is not immediately appealable under the collateral-order doctrine.").

III

Lozano first contends that the district court not only erred in denying his First Amendment claim on the merits but also failed to provide adequate "findings and conclusions that support its decision." *See Hernandez v. Lumpkin*, 850 F. App'x 307, 308 (5th Cir. 2021) (per curiam) ("A district court must make sufficient findings of fact." (internal quotations omitted)); Fed. R. Civ. P. 52(a). We disagree. We have repeatedly held that "prisons need not respond to particularized religious dietary requests to comply with the First Amendment." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988), and *Udey v. Kastner*, 805 F.2d 1218, 1219 (5th Cir. 1986)). The magistrate judge's report and recommendation, which the district court adopted in full, provides sufficient reasons for the denial, *see Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993), and indeed cites our longstanding precedent on this issue.

As for the RLUIPA claim, however, we agree with Lozano that the district court failed to apply the proper burden-shifting framework under *Holt v. Hobbs*, 574 U.S. 352 (2015). Once a plaintiff has shown a substantial burden on the exercise of his religion, the defendant must then demonstrate that the imposition of that burden "(1) [was] in furtherance of a compelling government interest; and (2) [was] the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1 (a); *see Holt*, 574 U.S. at 362. The district court must conduct a fact-specific inquiry for both prongs. *See Tucker v. Collier*, 906 F.3d 295, 302 (5th Cir. 2018). The magistrate judge's report and recommendation did not analyze (or even address) Lozano's RLUIPA claim under the *Holt* framework, and, despite Lozano's objections, the district court likewise failed to make any findings or conclusions regarding Lozano's RLUIPA claim. That was error. We will thus follow our normal practice of remanding the case for further findings of

No. 23-40568

fact to support our review of Lozano's RLUIPA claim. *See, e.g.*, *Hernandez*, 850 F. App'x at 308 (citing *White v. Carlucci*, 862 F.2d 1209, 1210 n.1 (5th Cir. 1989)).

## IV

In sum, we AFFIRM the district court's judgment with respect to Lozano's First Amendment claim, DISMISS Lozano's appeal of the district court's denial of his motion for appointment of counsel for lack of appellate jurisdiction, VACATE the district court's judgment insofar as it dismissed Lozano's RLUIPA claim, and REMAND for further proceedings consistent with this opinion.