# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

No. 24-50965
Summary Calendar

---

NANCY JACKSON SPINKS,

*Plaintiff—Appellant*,

*versus*

LANNETTE LINTHICUM, *Director of Health Services Division at TDCJ*; ANN BEST, *UTMB Practice Manager at Hilltop Unit Infirmary*; NURSE YVONNE GASIGWA, *Provider at UTMB with Hilltop Unit Infirmary*; JOHN OR JANE DOE, *N.P. at UTMB with Hilltop Unit Infirmary*; JOHN OR JANE DOE, *Executive Director of Clinical Services for UTMB*; ANDREA LOZADA, *Senior Warden for TDCJ Mountainview/Hilltop Complex*; JOHN OR JANE DOE, *Executive Medical Director of Facility Operations for UTMB*; FNU TATUM, *Assistant Warden*; BRYAN COLLIER, *Executive Director, Texas Department of Criminal Justice*; KIMBERLY GARZA, *Senior Warden CID*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-408

---

Before Elrod, *Chief Judge*, Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Nancy Jackson Spinks, Texas prisoner # 02173860, appeals the denial of her motion for an injunction in this 42 U.S.C. § 1983 action. She argues that the district court abused its discretion by denying the motion because she made the requisite showing for obtaining an injunction.

Appellate jurisdiction is generally limited to appeals from final decisions of the district courts. 28 U.S.C. § 1291. However, this court has appellate jurisdiction over interlocutory orders refusing injunctions. 28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor*, 932 F.2d 1103, 1106–07 (5th Cir. 1991).

We review the denial of a motion for preliminary injunction for an abuse of discretion, and the decision should be reversed "only under extraordinary circumstances." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). To obtain an injunction, movant must show (1) a "substantial likelihood of success on the merits," (2) "a substantial threat of irreparable injury if the injunction is not issued," (3) "the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted," and (4) "the grant of an injunction will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). Failure to carry the burden on any one of the four elements will result in the denial of the preliminary injunction. *See Stevens v. St. Tammany Parish*, 17 F.4th 563, 576 (5th Cir. 2021).

Spinks sought to enjoin prison officials from changing her heat classification status without prior written consent of a medical doctor and a mental health provider and from restricting her communication with her

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

husband and children by phone and e-mail without the prior written consent of the Regional Director supervising her facility. She has not demonstrated that she faces a substantial threat of irreparable injury if the injunction is not granted. *Byrum*, 566 F.3d at 445. Her allegations regarding the change or revocation of her heat sensitivity score are speculative and therefore insufficient to warrant granting the injunction. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Further, Spinks's factual recitations provide a basis for finding that there were legitimate penological interests behind the communication restrictions, namely that her husband was deemed a threat to unit security by the unit warden. *Prison Legal News v. Livingston*, 683 F.3d 201, 213 (5th Cir. 2012). Her conclusory allegations of retaliation are not enough to establish that the actions were retaliatory in nature. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

Because Spinks fails to show that she faces a substantial threat of irreparable injury if the injunction is not issued, there is no need to further analyze whether an injunction is warranted. *See Byrum*, 566 F.3d at 445; *Stevens*, 17 F.4th at 576. In light of her failure to make the requisite showing for obtaining a preliminary injunction, the district court did not abuse its discretion by denying her motion. *See White*, 862 F.2d at 1211. Consequently, the order denying Spinks's motion for an injunction is AFFIRMED.