# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10854

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2019

Lyle W. Cayce
Clerk

HERBERT JENA,

Plaintiff-Appellant

v.

GEO GROUP, INCORPORATED; FNU CASTANEDA, Senior Warden; FNU BINGHAM, Facility Warden; FNU MCGUIRE, Chaplain, FNU SANCHEZ, Food Administrator; FNU CRUZ, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CV-89

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Herbert Jena, federal prisoner # 36370-177, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's interlocutory order denying his motion for a preliminary injunction. Jena's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10854

According to Jena, the defendants unconstitutionally discriminated against him and interfered with his practice of the Jewish faith, in violation of the Religious Land Use and Institutionalized Persons Act, by making derogatory and insulting statements referencing Jews, by removing him from the list of prisoners receiving kosher meals without due process and based on rules not followed by the Bureau of Prisons, and by retaliating against him when he attempted to assert his rights to exercise his religion. Jena maintains that he was deprived of benefits awarded to white prisoners, including a kosher diet. His assertions are bare and do not identify any extraordinary circumstances warranting reversal of the district court's denial of his motion for a preliminary injunction. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

Furthermore, Jena has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Jena is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.